### IN THE UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF ARKANSAS
### FAYETTEVILLE DIVISION

ROMEO ARNULFO CHINCHILLA                                    **PLAINTIFF**

V.                              **CASE NO. 5:14-CV-5118**

**DEPUTY ROSE and DEPUTY ROSSER**                          **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Currently before the Court is the Report and Recommendation (Doc. 41) ("R & R")
of the Honorable Erin L. Setser, United States Magistrate Judge for the Western District
of Arkansas, filed in this case on June 17, 2015, regarding Defendants' May 22, 2015,
Motion to Dismiss (Doc. 38). Also currently before the Court is Defendants' February 23,
2015, Motion to Dismiss (Doc. 26). After careful review of the R & R and the entire record,
the Court **DECLINES TO ADOPT** the R & R, and **DENIES** Defendants' Motions to
Dismiss.

### I. BACKGROUND

Plaintiff alleged in his original Complaint (Doc. 1) that while he was incarcerated at
the Benton County Detention Center ("BCDC"), Defendants Rose and Rosser
intentionally attacked Plaintiff without cause, breaking his hand and subsequently denying
him medical care for the injuries he suffered during that attack, in retaliation for actions
that had been taken by prisoners other than Plaintiff who were of the same race or
ethnicity as Plaintiff, and despite Plaintiff having been nonviolent and compliant before
and throughout the attack. *See* Doc. 1, pp. 10-19. Plaintiff's Complaint named a variety
of other defendants in addition to Rose and Rosser, but did not allege any facts describing

1

the other defendants' connection to the complained-of events. *See id.* at 3-7, 19.

Contemporaneously with his Complaint, Plaintiff filed an application to proceed *in forma pauperis.* (Doc. 2) ("IFP Application"). Plaintiff completed the affidavit portion of the IFP Application, but the certification that should have been completed by a BCDC officer was left blank. *See id.* On the same day the Complaint and IFP Application were filed—April 10, 2014—the Magistrate Judge entered an Order giving Plaintiff a deadline of April 28, 2014, by which to (1) file an amended complaint explaining what connection, if any, the defendants other than Rose and Rosser had to his injuries, and (2) either submit a completed jail certification for his IFP Application or pay the $350 filing fee and $50 administrative fee. *See* Doc. 3, pp. 1-2. In that same Order, the Magistrate Judge advised Plaintiff "that he is required to immediately inform the Court of any change of address." *Id.* at p. 3.

> On April 22, 2014, Plaintiff wrote a letter to the Clerk of the Court, stating:

> Benton county Jail Staff refuses to sign my inmate funds paper work that the clerk has directed to have signed by the proper person "Lt Devone" apparently didn't recive after I gave the paperwork to "Srg. Cogdill" to give to Lt. Devone. I've failed to recive a sign copy of that document. I need a higher authority to serve this document to the proper ranking officer. Please help me I have no other way of obtaining this document they refuse to sign

(Doc. 5) (errors in original). Plaintiff enclosed with this letter a second IFP Application, which had a completed affidavit portion and blank certification portion, as was the case with the first IFP Application. The letter and second IFP Application were filed on April 25, 2014. On May 14, 2014, the Magistrate Judge entered an Order extending Plaintiff's deadline to complete the aforementioned tasks to May 30, 2014, and stating that "Captain Jeremy Guyll is asked to assist the Plaintiff in getting his account certificate completed." (Doc. 6).

On May 20, 2014, Plaintiff wrote a second letter to the Clerk of the Court, stating:

> Due to enadequate and denial of a Law Library hear at the Benton County Detention Center I am unable to File the needed motions for my case and have repeatedly tried to have Capt. Guyll file my indegent Forms per request on your Forma Paupis affidavit form.  Would Like to for go any motions and would like an Attorney assigned immediately to help me with this civil matter.

(Doc. 8) (errors in original).  This letter was filed on May 30, 2014.  On June 11, 2014, the Magistrate Judge entered an Order, once again extending Plaintiff's deadline to complete the aforementioned tasks to June 30, 2014, and stating that "**Captain Jeremy Guyll is once again asked to assist Plaintiff in obtaining the completed certificate.**" (Doc. 9, p. 2) (emphasis in original).  In that same Order, the Magistrate Judge denied Plaintiff's motion to appoint counsel, reasoning: "There has been no determination that the Plaintiff is indigent.  He therefore does not qualify for appointed counsel under [28 U.S.C.] § 1915.  Additionally, Plaintiff has not filed his amended complaint.  He therefore has not met his burden of showing that his complaint is not frivolous." *Id.*

On June 16, 2014, BCDC finally completed the certification for Plaintiff's IFP Application, and the completed IFP Application was filed on June 18, 2014.  (Doc. 11).  Nearly a month later, the Magistrate Judge entered an Order granting Plaintiff's IFP Application.  (Doc. 12).

On July, 15, 2014, the Magistrate Judge entered a Show Cause Order, observing that Plaintiff had failed to file an amended complaint by June 30, and giving Plaintiff until August 1, 2014, "to show cause why this action should not be dismissed with prejudice based on his failure to obey an order of the Court and his failure to prosecute this action." (Doc. 13).  Plaintiff responded two and a half months later, with a letter that read:

> I would like to motion the court to give me more allotted time to properly file my amended complaint and I would like to request a court order that allows me to have access to a law library and other legal documents that would help me further my knowledge and resources in abtaining information reguarding my case.  I would allso like to request that certain individuals named on docet for defendants in said case be given a no contact order wich demands that all vinditive actions and retalliation towrds me come to a complete stop.  further more I pray that the court grants my motions and allows me to proceed further with my case.

(Doc. 14) (errors in original).

On October 1, 2014, the Magistrate Judge entered an Order granting Plaintiff an extension of the deadline to amend his Complaint to October 17, 2014, and denying his request for a court order for access to a law library, because "[t]his case has not even progressed [past] the initial screening stage."  (Doc. 15).  Finally, on the day of the deadline, Plaintiff filed his Amended Complaint (Doc. 16), which was substantially identical to his original Complaint, except that the Amended Complaint contained far fewer details in support of his claims than were in the original Complaint—ten handwritten pages fewer, to be precise.  *Compare* Doc. 1 *with* Doc. 16.

Then, no further activity transpired in this case for nearly three months—other than the entry of a Clerk's Order to collect the filing fee from Plaintiff's prison account in monthly installments, (Doc. 17)—until January 13, 2015, when the Magistrate Judge entered an Order directing the United States Marshal "to serve the Defendants Corporal Rose and Corporal Rosser" with the Amended Complaint, and directing the Clerk "to terminate all other Defendants" on the grounds that "Plaintiff's amended complaint . . . is nearly identical to the original complaint and only contains allegations against Corporal Rose and Corporal Rosser.  The only mention of any of the other Defendants is the listing of their names as Defendants."  (Doc. 18, p. 2).  A copy of this Order was mailed to Plaintiff

at the BCDC, but the mailed Order was returned as undeliverable.  *See* Dkt. Entry dated

Jan. 23, 2015.  Apparently Plaintiff no longer resides at BCDC and has not received any

further correspondence from the Court or Defendants regarding this case; all subsequent

mailings to him have been returned as undeliverable, including materials that were sent

to the residence Plaintiff held prior to incarceration at BCDC.  *See* Doc. 34; *see also, e.g.*,

Dkt. Entry dated Apr. 23, 2015.

On February 23, 2015, Defendants filed a Motion to Dismiss Pursuant to Local

Rule 5.5(c)(2), on the grounds that they were "unable to effect service of the Defendants'

correspondence, pleadings, and discovery requests upon the Plaintiff" due to his failure

to apprise the Court of his address change. (Doc. 26, ¶ 1).  On May 22, 2015, Defendants

filed another Motion to Dismiss, on the grounds that they were "unable to effect service

of the Defendants' Notice of Disclosures upon the Plaintiff." (Doc. 38, ¶ 1).  Defendants'

May 22 Motion requested, in the alternative, "that the case and all pending deadlines be

stayed until Plaintiff has provided a current address and can participate in discovery and

a deposition." *Id.* at ¶ 8.  On June 17, 2015, the Magistrate Judge filed the R & R,

recommending that Defendants' May 22 Motion be granted, and that this action be

dismissed pursuant to Fed. R. Civ. P. 41(b) and Local Rule 5.5(c)(2). (Doc. 41, p. 2).  No

objections to the R & R were filed—unsurprisingly, given that the Court was unable to

properly serve Plaintiff with a copy of the R & R.  *See* Dkt. Entry dated Jun. 23, 2015.

## II. DISCUSSION

"[A]n indigent pro se litigant who has met his burden of showing his complaint not

to be frivolous . . . should be appointed counsel where necessary.  The standard for

appointment of counsel . . . is whether both [the plaintiff] and the court would benefit from

assistance of counsel." *Nachtigall v. Class*, 48 F.3d 1076, 1081 (8th Cir. 1995) (internal quotation marks and citations omitted). Plaintiff has already been found indigent, and his claims against Defendants Rose and Rosser are not frivolous; on their face, his allegations describe appalling, actionable violations of his civil rights. Furthermore, Plaintiff's numerous letters to the Court, *supra*, give rise to a strong inference that although Plaintiff was attempting to comply with the Court's orders, he was frustrated in these attempts by his own inability to understand what was required of him. Given the difficulties that Plaintiff experienced in obtaining certification of his IFP Application by the BCDC, and in comprehending the difference between a motion and an amended complaint, the Court is not comfortable concluding at this time that Plaintiff no longer wishes to pursue his claims or that Plaintiff fully understood his obligation under Local Rule 5.5(c)(2) to inform the Court of any changes to his address.

The R & R correctly states that "Local Rule 5.5(c)(2) requires pro se parties to notify the Clerk of the Court of any change in address," that "Plaintiff was advised of this duty in the order directing the filing of his complaint on April 10, 2014," and that "Plaintiff has failed to comply with this duty." *Id.* However—given (1) the gravity of the allegations contained in Plaintiff's Complaint and subsequent letters to the Court, and (2) the concerns that remain about whether Plaintiff understood his obligations or was capable of fulfilling them without the assistance of counsel—the Court finds that the proper course of action, rather than dismissal, is to permit Plaintiff to proceed in prosecuting this action with the assistance of counsel, if Plaintiff still so desires and if such counsel can be found.

## III.  CONCLUSION

Therefore, the Court **DECLINES TO ADOPT** the Report and Recommendation (Doc. 41), and **ORDERS** that Defendants' May 22, 2015, Motion to Dismiss (Doc. 38) and February 23, 2015, Motion to Dismiss (Doc. 26) are **DENIED**.

**IT IS SO ORDERED** on this ___6th___ day of August, 2015.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE